1  LERACH COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  JEFFREY W. LAWRENCE (166806)
   CHRISTOPHER P. SEEFER (201197)
3  100 Pine Street, Suite 2600
   San Francisco, CA 94111
4  Telephone: 415/288-4545
   415/288-4534 (fax)
5        – and –
   WILLIAM S. LERACH (68581)
6  JOY ANN BULL (138009)
   401 B Street, Suite 1600
7  San Diego, CA 92101
   Telephone: 619/231-1058
8  619/231-7423 (fax)

9  BERNSTEIN LITOWITZ BERGER &
     GROSSMANN LLP
10 ALAN SCHULMAN (128661)
   ROBERT S. GANS (214420)
11 ALICIA M. DUFF (227188)
   12544 High Bluff Drive, Suite 150
12 San Diego, CA 92130
   Telephone: 858/793-0070
13 858/793-0323 (fax)

14 Co-Lead Counsel for Lead Plaintiffs and the Settlement Class

15                  UNITED STATES DISTRICT COURT

16                 NORTHERN DISTRICT OF CALIFORNIA

17                        SAN JOSE DIVISION

18

| | |
|---|---|
| In re NEXTCARD, INC. SECURITIES LITIGATION | ) Master File No. C-01-21029-JF(EI) |
| | ) CLASS ACTION |
| This Document Relates To: | ) STIPULATION OF SETTLEMENT WITH ) ERNST & YOUNG, LLP |
| C-03-4869-JF | ) |

1   This Stipulation of Settlement with Ernst & Young, LLP ("E&Y") dated as of December 1,

2   2004 (the "Stipulation"), is made and entered into by and among the following Settling Parties (as

3   defined further in Section IV hereof): (i) the Lead Plaintiffs (on behalf of themselves and each of the

4   Settlement Class Members), by and through their counsel of record; and (ii) Ernst & Young, LLP, by

5   and through its counsel of record.  The Stipulation is intended by the Settling Parties to fully, finally

6   and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and

7   conditions hereof.

8   **I.     THE LITIGATION**

9   On and after November 1, 2001, the following actions were filed in or transferred to the

10   United States District Court for the Northern District of California (the "Court") as securities class

11   actions on behalf of purchasers of NextCard, Inc. ("NextCard") securities during a defined period of

12   time:

13

| | Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|---|
| (a) | *Ballati v. NextCard, Inc., et al.* | 01-CV-21029 JF | 11/02/01 |
| (b) | *Scheiber v. NextCard, Inc., et al.* | 01-CV-21184 JF | 11/06/01 |
| (c) | *Goodman v. NextCard, Inc., et al.* | 01-CV-04153 PJH | 11/06/01 |
| (d) | *Hofmann v. NextCard, Inc., et al.* | 01-CV-04296 MJJ | 11/16/01 |
| (e) | *Toptani v. NextCard, Inc., et al.* | 02-CV-00099 PJH | 11/16/01 |
| (f) | *Vittimberga v. NextCard, Inc., et al.* | 01-CV-04318 PJH | 11/19/01 |
| (g) | *Rose v. NextCard, Inc., et al.* | 01-CV-04705 CRB | 12/04/01 |
| (h) | *Patel v. NextCard, Inc., et al.* | 01-C-8409 | 11/01/01 |
| (i) | *Market St. Sec., Inc. v. NextCard, Inc., et al.* | 01-C-8647 | 11/09/01 |

24   The above actions were consolidated by an order of the Court dated January 30, 2002 (the

25   "NextCard Action").  By order dated January 28, 2002, the Court appointed Jacksonville Police &

26   Fire Pension Fund and M. Richard Andrews Lead Plaintiffs and Lerach Coughlin Stoia Geller

27   Rudman & Robbins LLP (formerly Milberg Weiss Bershad Hynes & Lerach LLP) and Bernstein

28   Litowitz Berger & Grossmann LLP, Co-Lead Counsel for Lead Plaintiffs and the Settlement Class.

1   On June 17, 2002, Lead Plaintiffs filed the Consolidated Class Action Complaint for
2   Violation of the Federal Securities Laws.  Thereafter, the parties attempted to reach a resolution of
3   the case.  On November 14, 2002, NextCard filed for bankruptcy protection.  After the parties
4   attempts to reach a settlement proved unsuccessful, Lead Plaintiffs filed a Consolidated First
5   Amended Class Action Complaint for Violations of the Federal Securities Laws on April 23, 2004
6   against the Individual Defendants. The Individual Defendants moved to dismiss this complaint.  On
7   February 7, 2005, the Court granted the motions to dismiss but allowed Lead Plaintiffs sixty (60)
8   days to amend the complaint.

9   On October 30, 2003, Lead Plaintiffs filed their Complaint Against Ernst & Young, LLP for
10   Violations of the Federal Securities Laws ("E&Y Complaint").  The E&Y Complaint alleges that
11   E&Y violated federal securities laws by concealing the true nature of NextCard's financial results
12   for 2000 and the first two quarters of 2001 and certifying that NextCard's financial results for 2000
13   were fairly presented in accordance with Generally Accepted Accounting Principles (the "E&Y"
14   Action").  On February 4, 2004, the Court ruled that its order appointing Lead Plaintiffs and Lead
15   Counsel in the related NextCard Action encompassed the E&Y Action and specifically held that the
16   E&Y Action is consolidated with the NextCard Action.  E&Y moved to dismiss a portion of the
17   E&Y Complaint, which at the time of the settlement was subjudice.

18   The NextCard Action and the E&Y Action are referred to herein collectively as the
19   "Litigation."

20   **II.   ERNST & YOUNG'S DENIALS OF WRONGDOING AND LIABILITY**

21   E&Y expressly has denied and continues to deny all charges of wrongdoing or liability
22   against it arising out of any of the conduct, statements, acts or omissions alleged, or that could have
23   been alleged, in the Litigation.  E&Y also has denied and continues to deny, *inter alia*, the
24   allegations that the Lead Plaintiffs or the Settlement Class have suffered damage, that the prices of
25   NextCard securities were artificially inflated by reasons of alleged misrepresentations, non-
26   disclosures or otherwise, and that the Lead Plaintiffs or the Settlement Class were harmed by the
27   conduct alleged in the E&Y Complaint.

28

1   Nonetheless, E&Y has concluded that further conduct of the Litigation could be protracted
2   and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner
3   and upon the terms and conditions set forth in this Stipulation. E&Y also has taken into account the
4   uncertainty and risks inherent in any litigation, especially in complex cases like this Litigation. E&Y
5   has, therefore, determined that it is desirable and beneficial to them that the Litigation be settled with
6   E&Y in the manner and upon the terms and conditions set forth in this Stipulation.

7   **III.    CLAIMS OF THE LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT**

8
9   The Lead Plaintiffs believe that the claims asserted in the Litigation have merit and that the
    evidence developed to date supports the claims. The Lead Plaintiffs recognize and acknowledge,
10  however, the expense and length of continued proceedings necessary to prosecute the Litigation
11  against E&Y through trial and through appeals. The Lead Plaintiffs also have taken into account the
12  uncertain outcome and the risk of any litigation, especially in complex actions such as this
13  Litigation, as well as the difficulties and delays inherent in such litigation. The Lead Plaintiffs also
14  are mindful of the inherent problems of proof under and possible defenses to the securities law
15  violations asserted in the Litigation. The Lead Plaintiffs believe that the settlement set forth in the
16  Stipulation confers substantial benefits upon the Settlement Class. Based on their evaluation, the
17  Lead Plaintiffs and Co-Lead Counsel have determined that the settlement set forth in the Stipulation
18  is in the best interests of the Lead Plaintiffs and the Settlement Class.

19  **IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

20  NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the
21  Lead Plaintiffs (for themselves and the Settlement Class Members) and E&Y, by and through their
22  respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and
23  the Released Claims shall be finally and fully compromised, settled and released, and the Litigation
24  shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and
25  conditions of the Stipulation, as follows.

26  **1.    Definitions**

27  As used in the Stipulation the following terms have the meanings specified below:

28

1.1   "Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2   "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.3   "Claims Administrator" means the firm of RG/2 Claims Administration LLC.

1.4   "Co-Lead Counsel" means Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Joy Ann Bull, 401 B Street, Suite 1600, San Diego, California 92101; Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Jeffrey W. Lawrence, 100 Pine Street, Suite 2600, San Francisco, California 94111; and Bernstein Litowitz Berger & Grossmann LLP, Alan Schulman, Robert S. Gans, 12544 High Bluff Drive, Suite 150, San Diego, California 92130.

1.5   "E&Y" means Ernst & Young, LLP.

1.6   "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.7   "Escrow Agent" means the law firms of Lerach Coughlin Stoia Geller Rudman & Robbins LLP and Bernstein Litowitz Berger & Grossmann LLP or their successor(s).

1.8   "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B hereto, shall occur: (i) the expiration of three (3) business days after the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of three (3) business days after the time in which to appeal the Judgment has passed without any appeal having been taken (which date shall be deemed to be thirty-three (33) days following the entry of the Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the 33rd day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such 33rd day); and (iii) if such motion to alter or amend is filed or if an appeal is taken, three (3) business days after the determination of that motion or appeal in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of this Stipulation.   For

1 purposes of this paragraph, an "appeal" shall not include any appeal that concerns only the issue of
2 attorneys' fees and reimbursement of costs or the Plan of Allocation of the Settlement Fund.

3     1.9     "Individual Defendants" means John V. Hashman, Yinzi Cai, Jeremy R. Lent, Safi U.
4 Qureshey and Bruce G. Rigione, who were named in the NextCard Action.

5     1.10    "Judgment" means the judgment to be rendered by the Court, substantially in the
6 form attached hereto as Exhibit B.

7     1.11    "Lead Plaintiffs" means Jacksonville Police & Fire Pension Fund and M. Richard
8 Andrews.

9     1.12    "Person" means an individual, corporation, partnership, limited partnership,
10 association, joint stock company, estate, legal representative, trust, unincorporated association,
11 government or any political subdivision or agency thereof, and any business or legal entity and their
12 spouses, heirs, predecessors, successors, representatives, or assignees.

13     1.13    "NextCard" means NextCard, Inc.

14     1.14    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund
15 whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses
16 of notice and administration of the settlement, Taxes and Tax Expenses and such attorneys' fees,
17 costs, expenses and interest as may be awarded by the Court. Any Plan of Allocation is not part of
18 the Stipulation and E&Y shall have no responsibility therefore or liability with respect thereto.

19     1.15    "Related Parties" means E&Y's past or present employees, partners, principals,
20 associates, insurers, reinsurers, agents, controlling shareholders, attorneys, accountants or auditors,
21 personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint
22 ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which E&Y has a
23 controlling interest, or any trust of which E&Y is the settlor.

24     1.16    "Released Claims" shall collectively mean all claims (including "Unknown Claims"
25 as defined in ¶1.23 hereof), demands, rights, liabilities and causes of action of every nature and
26 description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that
27 might have been asserted, including, without limitation, claims for negligence, gross negligence,
28 breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations

1 of any state or federal statutes, rules or regulations, by any Lead Plaintiff or Settlement Class
2 Member against E&Y that are based upon or related in any way to or arise from both the purchase of
3 NextCard securities by any Lead Plaintiff or any Settlement Class Member during the Settlement
4 Class Period and: (a) the facts, transactions, events, occurrences, acts, disclosures, statements,
5 omissions or failures to act which were or could have been alleged in the Litigation, based upon,
6 relating to, or arising from the facts that were alleged; or (b) the professional services provided by
7 E&Y to NextCard. Released Claims do not include any claims of the Lead Plaintiffs or Settlement
8 Class Members that have been or could have been asserted against NextCard or the Individual
9 Defendants.

10     1.17   "Released Persons" means E&Y and each of its Related Parties and specifically
11 excludes NextCard and the Individual Defendants.

12     1.18   "Settlement Class" means all Persons who purchased NextCard securities during the
13 period between April 19, 2000 and October 30, 2001, and who were damaged thereby. Excluded
14 from the Settlement Class are E&Y, the Individual Defendants, NextCard, members of the
15 immediate families of the Individual Defendants, any entity in which E&Y, any Individual
16 Defendant or NextCard has or had a controlling interest, current or former directors and officers of
17 NextCard or E&Y, and the legal representatives, heirs, successors, or assigns of any such excluded
18 person or entity. Also excluded from the Settlement Class are those Persons who timely and validly
19 request exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Partial
20 Settlement of Class Action.

21     1.19   "Settlement Class Member" or "Member of the Settlement Class" mean a Person who
22 falls within the definition of the Settlement Class as set forth in ¶1.18 of the Stipulation.

23     1.20   "Settlement Class Period" means the period commencing on April 19, 2000 through
24 October 30, 2001, inclusive.

25     1.21   "Settlement Fund" means the principal amount of Twenty-Three Million Two
26 Hundred Thousand Dollars ($23,200,000) in cash that has been paid to the Escrow Agent pursuant to
27 ¶2.1 of this Stipulation, plus all interest earned thereon pursuant to ¶¶2.2 and 2.6.

28

1      1.22    "Settling Parties" means E&Y and the Lead Plaintiffs on behalf of themselves and

2   Settlement Class Members.

3      1.23    "Unknown Claims" shall collectively mean all claims, demands, rights, liabilities, and

4   causes of action of every nature and description which any Lead Plaintiff or Settlement Class

5   Member does not know or suspect to exist in his, her or its favor at the time of the release of the

6   Released Persons which, if known by him, her or it, might have affected his, her or its settlement

7   with and release of the Released Persons, or might have affected his, her or its decision not to object

8   to this settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and

9   agree that, upon the Effective Date, the Lead Plaintiffs shall expressly waive, and each of the

10  Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall

11  have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

12          **A general release does not extend to claims which the creditor does not
            know or suspect to exist in his or her favor at the time of executing the release,**

13          **which if known by him or her must have materially affected his or her
            settlement with the debtor**.

14

15  The Lead Plaintiffs shall expressly and each of the Settlement Class Members shall be deemed to

16  have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights

17  and benefits conferred by any law of any state or territory of the United States, or principle of

18  common law, which is similar, comparable or equivalent to California Civil Code §1542. The Lead

19  Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from

20  those which he, she or it now knows or believes to be true with respect to the subject matter of the

21  Released Claims, but each Lead Plaintiff shall expressly fully, finally and forever settle and release,

22  and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by

23  operation of the Judgment shall have, fully, finally, and forever settled and released, any and all

24  Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent,

25  whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of

26  law or equity now existing or coming into existence in the future, including, but not limited to,

27  conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule,

28  without regard to the subsequent discovery or existence of such different or additional facts. The

1  Lead Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the
2  Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key
3  element of the settlement of which this release is a part.

4      **2.      The Settlement**

5              **a.      The Settlement Fund**

6      2.1      The principal amount of $23,200,000 in cash was transferred by E&Y to the Escrow
7  Agent on or before December 31, 2004.

8              **b.      The Escrow Agent**

9      2.2      The Escrow Agent may invest the Settlement Fund deposited pursuant to ¶2.1 hereof
10  in instruments backed by the full faith and credit of the United States Government or fully insured by
11  the United States Government or an agency thereof and shall reinvest the proceeds of these
12  instruments as they mature in similar instruments at their then-current market rates.  The Escrow
13  Agent shall bear all risks related to investment of the Settlement Fund.

14      2.3      The Escrow Agent shall not disburse the Settlement Fund except as provided in the
15  Stipulation, by an order of the Court, or with the written agreement of counsel for E&Y.

16      2.4      Subject to further order and/or direction as may be made by the Court, the Escrow
17  Agent is authorized to execute such transactions on behalf of the Settlement Class Members as are
18  consistent with the terms of the Stipulation.

19      2.5      All funds held by the Escrow Agent shall be deemed and considered to be in *custodia*
20  *legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such
21  funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

22      2.6      Within five (5) days after payment of the Settlement Fund to the Escrow Agent
23  pursuant to ¶2.1 hereof, the Escrow Agent may establish a "Class Notice and Administration Fund,"
24  and may deposit up to $100,000 from the Settlement Fund in it.   The Class Notice and
25  Administration Fund may be used by Co-Lead Counsel to pay costs and expenses reasonably and
26  actually incurred in connection with providing notice to the Settlement Class, locating Settlement
27  Class Members, soliciting claims, assisting with the filing of claims, administering and distributing
28  the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and

1  paying escrow fees and costs, if any.  The Class Notice and Administration Fund may also be

2  invested and earn interest as provided for in ¶2.2 of this Stipulation.  In no event shall E&Y have any

3  responsibility for or liability with respect to the Escrow Agent or its actions or the Class Notice and

4  Administration Fund.

5          **c.    Taxes**

6          2.7    (a)    Settling Parties and the Escrow Agent agree to treat the Settlement Fund as

7  being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  In

8  addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out

9  the provisions of this ¶2.7, including the "relation-back election" (as defined in Treas. Reg. §1.468B-

10 1) back to the earliest permitted date.  Such elections shall be made in compliance with the

11 procedures and requirements contained in such regulations.  It shall be the responsibility of the

12 Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature

13 by all necessary parties, and thereafter to cause the appropriate filing to occur.

14          (b)    For the purpose of §468B of the Internal Revenue Code of 1986, as amended,

15 and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The

16 Escrow Agent shall satisfy the administrative requirements of Treas. Reg. §1.468B-2 and must

17 timely and properly file all informational and other tax returns necessary or advisable with respect to

18 the Settlement Fund (including without limitation the returns described in Treas. Reg. §1.468B-

19 2(k)).  Such returns (as well as the election described in ¶2.7(a) hereof) shall be consistent with this

20 ¶2.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties)

21 on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in

22 ¶2.7(c) hereof.

23          (c)    All (a) Taxes (including any estimated Taxes, interest or penalties) arising

24 with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that

25 may be imposed upon E&Y or its counsel with respect to any income earned by the Settlement Fund

26 for any period during which the Settlement Fund does not qualify as a "qualified settlement fund"

27 for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection

28 with the operation and implementation of this ¶2.7 (including, without limitation, expenses of tax

1  attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or
2  failing to file) the returns described in this ¶2.7) ("Tax Expenses"), shall be paid out of the
3  Settlement Fund; in no event shall E&Y or its counsel have any responsibility for or liability with
4  respect to the Taxes or the Tax Expenses.  Further, Taxes and Tax Expenses shall be treated as, and
5  considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the
6  Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent
7  shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to
8  Authorized Claimants any funds necessary to pay such amounts including the establishment of
9  adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to
10 be withheld under Treas. Reg. §1.468B-2(1)(2)); neither E&Y nor its counsel is responsible
11 therefore nor shall they have any liability with respect thereto.  The parties hereto agree to cooperate
12 with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably
13 necessary to carry out the provisions of this ¶2.7.

14         (d)      For the purpose of this ¶2.7, references to the Settlement Fund shall include
15 both the Settlement Fund and the Class Notice and Administration Fund and shall also include any
16 earnings thereon.

17                 **d.      Termination of Settlement**

18         2.8      In the event that the Stipulation is not approved, or is terminated, canceled, or fails to
19 become effective for any reason, the Settlement Fund (including accrued interest) less administrative
20 costs actually incurred or due and owing in connection with the settlement provided for herein shall
21 be refunded directly to E&Y, as provided in ¶7.3 below.

22         **3.      Notice Order and Settlement Hearing**

23         3.1      Promptly after execution of the Stipulation, the Settling Parties shall submit the
24 Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Notice
25 Order"), substantially in the form of Exhibit A hereto, requesting, *inter alia*, the preliminary
26 approval of the settlement set forth in the Stipulation, the certification of the Settlement Class solely
27 for purposes of this Stipulation and the settlement set forth herein, and final approval for mailing the
28 Notice of Pendency and Proposed Partial Settlement of Class Action (the "Notice") substantially in

1   the form of Exhibit A-1 hereto and publication of a summary notice substantially in the form of
2   Exhibit A-3 hereto.  The Notice shall include the general terms of the settlement set forth in the
3   Stipulation, the proposed Plan of Allocation, the procedure to opt-out of the Settlement Class, the
4   general terms of the Fee and Expense Application and the date of the Settlement Hearing.

5       3.2     Co-Lead Counsel shall request that after notice is given, the Court hold a hearing (the
6   "Settlement Hearing") and finally approve the settlement of the Litigation as set forth herein.  At or
7   after the Settlement Hearing, Co-Lead Counsel also will request that the Court approve the proposed
8   Plan of Allocation and the Fee and Expense Application.

9       **4.     Releases**

10      4.1     Upon the Effective Date, as defined in ¶1.6 hereof, the Lead Plaintiffs and each of the
11  Settlement Class Members, on behalf of themselves, their successors and assigns, and any other
12  Person claiming (now or in the future) through or on behalf of them, shall be deemed to have, and by
13  operation of the Judgment shall have, fully, finally, and forever released, relinquished and
14  discharged all Released Claims against the Released Persons, including claims arising out of,
15  relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of
16  the Litigation, whether or not such Settlement Class Member executes and delivers a Proof of Claim
17  and Release form, and shall have covenanted not to sue the Released Persons with respect to all such
18  Released Claims, and shall be permanently barred and enjoined from instituting, commencing or
19  prosecuting any such Released Claims against the Released Persons.  NextCard and the Individual
20  Defendants and the claims asserted against them in the NextCard Action are specifically excluded
21  from this release.

22      4.2     The Proof of Claim and Release to be executed by Settlement Class Members shall
23  release all Released Claims against the Released Persons and shall be substantially in the form
24  contained in Exhibit A-2 hereto.

25      4.3     Upon the Effective Date, as defined in ¶1.6 hereof, each of the Released Persons shall
26  be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released,
27  relinquished and discharged each and all of the Settlement Class Members and Co-Lead Counsel
28

from all claims (including unknown claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

**5.    Administration and Calculation of Claims, Final Awards and Supervision and Distribution of Settlement Fund**

5.1    Subject to the supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members.

5.2    The Settlement Fund shall be applied as follows:

(a)    to pay Co-Lead Counsel's attorneys' fees and expenses with interest thereon (the "Fee and Expense Award"), if and to the extent allowed by the Court;

(b)    to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Settlement Class Members, soliciting Settlement Class claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any;

(c)    to pay the Taxes and Tax Expenses described in ¶2.7 hereof; and

(d)    to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following:

(a)    Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release and as are reasonably available to the Authorized Claimant;

1      (b)     Except as otherwise ordered by the Court, all Settlement Class Members who

2  fail to timely submit a Proof of Claim and Release within such period, or such other period as may

3  be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments

4  pursuant to the Stipulation and the settlement set forth herein, but will in all other respects be subject

5  to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment;

6  and

7      (c)     The Net Settlement Fund shall be distributed to the Authorized Claimants

8  substantially in accordance with a Plan of Allocation to be described in the Notice and approved by

9  the Court. If there is any balance remaining in the Net Settlement Fund after six (6) months from the

10  date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks

11  or otherwise), Co-Lead Counsel shall, if feasible, reallocate such balance among Authorized

12  Claimants in an equitable and economic fashion. Thereafter, any balance which still remains in the

13  Net Settlement Fund shall be donated to an appropriate non-profit organization approved by the

14  Court. No distribution from the Net Settlement Fund shall be made until the settlement has become

15  Final, as defined in ¶1.8 above.

16      5.4     This is not a claims-made settlement and, if all conditions of the Stipulation are

17  satisfied and the settlement becomes Final, no portion of the Settlement Fund will be returned to

18  E&Y. Neither E&Y nor its counsel shall have responsibility for, interest in, or liability whatsoever

19  with respect to the investment or distribution of the Settlement Fund, distribution of the Net

20  Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims,

21  the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection

22  therewith.

23      5.5     No Person shall have any claim against Co-Lead Counsel, the Claims Administrator

24  or other entity designated by Co-Lead Counsel based on distributions made substantially in

25  accordance with the Stipulation and the settlement contained herein, the Plan of Allocation, or

26  further order(s) of the Court.

27      5.6     It is understood and agreed by the Settling Parties that any proposed Plan of

28  Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an

1   Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered

2   by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy

3   of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of

4   Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's

5   Judgment approving the Stipulation and the settlement set forth therein, or any other orders entered

6   pursuant to the Stipulation.

7         **6.**    **Co-Lead Counsel's Attorneys' Fees and Reimbursement of Expenses**

8         6.1    Co-Lead Counsel may submit an application or applications (the "Fee and Expense

9   Application") for distributions to them from the Settlement Fund for: (a) an award of attorneys' fees;

10  plus (b) reimbursement of actual expenses, including the fees of any experts or consultants, incurred

11  in connection with prosecuting the Litigation, plus any interest on such attorneys' fees and expenses

12  at the same rate and for the same periods as earned by the Settlement Fund (until paid), as may be

13  awarded by the Court.  Co-Lead Counsel reserve the right to make additional applications for fees

14  and expenses incurred.

15        6.2    The attorneys' fees and expenses, as awarded by the Court, shall be paid to Co-Lead

16  Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order

17  awarding such fees and expenses.  Co-Lead Counsel shall thereafter allocate the attorneys' fees in a

18  manner in which they in good faith believe reflects the contributions of counsel to the prosecution

19  and settlement of the Litigation.  In the event that the Effective Date does not occur, or the Judgment

20  or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is

21  canceled or terminated for any other reason, and in the event that the Fee and Expense Award has

22  been paid to any extent, then Co-Lead Counsel shall within ten (10) business days from receiving

23  notice from E&Y's counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund

24  the fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the

25  same rate as earned on the cash portion of the Settlement Fund in an amount consistent with such

26  reversal or modification.  Each such Co-Lead Counsel's law firm, as a condition of receiving such

27  fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law

28

firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.3     The procedure for and the allowance or disallowance by the Court of any applications by Co-Lead Counsel for attorneys' fees and expenses, including the fees of experts and consultants, to be paid out of the Settlement Fund, are not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein.

6.4     E&Y shall have no responsibility for or liability with respect to any payment of attorneys' fees and expenses to Co-Lead Counsel over and above payment from the Settlement Fund.

6.5     E&Y shall have no responsibility for or liability with respect to the allocation among Co-Lead Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation, and E&Y takes no position with respect to such matters.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     E&Y has timely made its contribution to the Settlement Fund as required by ¶2.1 hereof;

(b)     the Court has entered the Notice Order, as required by ¶3.1 hereof;

(c)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B hereto;

(d)     the Judgment has become Final, as defined in ¶1.8 hereof; and

(e)     E&Y has not exercised its right to terminate the Stipulation pursuant to ¶7.8 hereof.

7.2     Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of E&Y in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If all of the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Co-Lead Counsel and counsel for E&Y mutually agree in writing to proceed with the Stipulation.

7.3     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within ten (10) business days after written notification of such event is sent by counsel for E&Y or Co-Lead Counsel to the Escrow Agent, subject to the terms of ¶2.8 hereof, the Settlement Fund (including accrued interest), plus any amount then remaining in the Class Notice and Administration Fund (including accrued interest), and all payments disbursed, including all expenses, costs, and any fee and expense award, excluding only notice and administration costs that have either been properly disbursed pursuant to ¶2.6 hereof or are determined to be chargeable to the Class Notice and Administrative Fund, shall be refunded by the Escrow Agent pursuant to written instructions from E&Y's counsel.  Such amount due to E&Y shall not be reduced by any investment losses on the principal amount of the Settlement Fund in escrow; any such losses shall be an obligation of the Escrow Agent.  If any such amount or any portion thereof is not returned within such ten (10) day period, then interest shall accrue thereon at the higher of the rate of five (5) percent per annum or the actual rate of interest earned on such funds until the date said amount is returned.  At the request and written direction of counsel to E&Y, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds to E&Y, after deduction of any fees or expenses incurred in connection with such application(s) for refund.

7.4     In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of November 30, 2004.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶2.7, 2.8,

7.3-7.5 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settlement Class, if it has been certified, shall be decertified.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to the Lead Plaintiffs or Co-Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

7.5    If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither the Lead Plaintiffs nor Co-Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund.  In addition, any expenses already incurred and properly chargeable to the Class Notice and Administration Fund pursuant to ¶2.6 hereof at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.8 and 7.3 hereof.

7.6    If a case is commenced in respect to E&Y under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of E&Y to be a preference, voidable transfer, fraudulent transfer or similar transaction, then, the releases given and Judgment entered in favor of such E&Y pursuant to this Stipulation shall be null and void.

7.7    E&Y warrants and represents that it is not "insolvent" within the meaning of 11 U.S.C. §101(32) as of the time this Stipulation is executed and as of the time payment of the Settlement Fund was transferred to the Escrow Agent.

7.8    If, prior to the Settlement Hearing, the aggregate number of shares of NextCard common stock purchased by Persons who would otherwise be Members of the Settlement Class, but who request exclusion from the Settlement Class, exceeds the amount specified in a separate "Supplemental Agreement" between the Settling Parties, E&Y shall have, in its sole and absolute

1 discretion, the right to terminate this Stipulation in accordance with the procedures set forth in the

2 Supplemental Agreement. The Supplemental Agreement will not be filed with the Court unless and

3 until a dispute among the Settling Parties concerning its interpretation or application arises.

4     **8.**    **Miscellaneous Provisions**

5     8.1    This is not a claims-made settlement and, if all conditions herein are satisfied and the

6 settlement receives final Court approval, no consideration will be returned to E&Y.

7     8.2    The Settling Parties (a) acknowledge that it is their intent to consummate this

8 agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement

9 all terms and conditions of the Stipulation and to exercise their reasonable best efforts to accomplish

10 the foregoing terms and conditions of the Stipulation.

11     8.3    The Settling Parties intend this settlement to be a final and complete resolution of all

12 disputes between them with respect to the Litigation. The settlement compromises claims which are

13 contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or

14 defense. The Final Judgment will contain a statement that during the course of the Litigation, the

15 parties and their respective counsel at all times complied with the requirements of Federal Rule of

16 Civil Procedure 11. The Settling Parties agree that the amount paid to the Settlement Fund and the

17 other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a

18 settlement that was reached voluntarily after consultation with competent legal counsel. The Settling

19 Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any

20 contention made in any public forum that the Litigation was brought or defended in bad faith or

21 without a reasonable basis.

22     8.4    Neither the Stipulation nor the settlement contained therein, nor any act performed or

23 document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be

24 deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim,

25 or of any wrongdoing or liability of E&Y; or (b) is or may be deemed to be or may be used as an

26 admission of, or evidence of, any fault or omission of E&Y in any civil, criminal or administrative

27 proceeding in any court, administrative agency or other tribunal. E&Y may file the Stipulation

28 and/or the Judgment in any action that may be brought against it in order to support a defense or

1 counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement,
2 judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar
3 defense or counterclaim.

4      8.5     All agreements made and orders entered during the course of the Litigation relating to
5 the confidentiality of information shall survive this Stipulation.

6      8.6     All of the Exhibits to the Stipulation are material and integral parts hereof and are
7 fully incorporated herein by this reference.

8      8.7     The Stipulation may be amended or modified only by a written instrument signed by
9 or on behalf of all Settling Parties or their respective successors-in-interest.

10      8.8     The Stipulation and the Exhibits attached hereto constitute the entire agreement
11 among the parties hereto and no representations, warranties or inducements have been made to any
12 party concerning the Stipulation or its Exhibits other than the representations, warranties and
13 covenants contained and memorialized in such documents.  Except as otherwise provided herein,
14 each party shall bear its own costs.

15      8.9     Co-Lead Counsel, on behalf of the Settlement Class, are expressly authorized by the
16 Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement
17 Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into
18 any modifications or amendments to the Stipulation on behalf of the Settlement Class which they
19 deem appropriate.

20      8.10     Each counsel or other Person executing the Stipulation or any of its Exhibits on
21 behalf of any party hereto hereby warrants that such Person has the full authority to do so.

22      8.11     The Stipulation may be executed in one or more counterparts.  All executed
23 counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of
24 original executed counterparts shall be filed with the Court.

25      8.12     The Stipulation shall be binding upon, and inure to the benefit of, the successors and
26 assigns of the parties hereto.

27

28

1        8.13    The Court shall retain jurisdiction with respect to implementation and enforcement of

2   the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes

3   of implementing and enforcing the settlement embodied in the Stipulation.

4        8.14    The Stipulation and the Exhibits hereto shall be considered to have been negotiated,

5   executed and delivered, and to be wholly performed, in the State of California, and the rights and

6   obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and

7   governed by, the internal, substantive laws of the State of California without giving effect to that

8   State's choice-of-law principles.

9        IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by

10  their duly authorized attorneys dated as of December 1, 2004.

11                                                      LERACH COUGHLIN STOIA GELLER
                                                            RUDMAN & ROBBINS LLP
12                                                      JEFFREY W. LAWRENCE
                                                       CHRISTOPHER P. SEEFER
13                                                     100 Pine Street, Suite 2600
                                                       San Francisco, CA  94111
14                                                     Telephone: 415/288-4545
                                                       415/288-4534 (fax)
15

16                                                      LERACH COUGHLIN STOIA GELLER
                                                            RUDMAN & ROBBINS LLP
17                                                     WILLIAM S. LERACH
                                                       JOY ANN BULL
18

19

20                                                     _____
                                                                JOY ANN BULL
21                                                     401 B Street, Suite 1600
                                                       San Diego, CA  92101
22                                                     Telephone: 619/231-1058
                                                       619/231-7423 (fax)
23
                                                       BERNSTEIN LITOWITZ BERGER &
24                                                          GROSSMANN LLP
                                                       ALAN SCHULMAN
25                                                     ROBERT S. GANS
                                                       ALICIA M. DUFF
26

27                                                     _____
                                                                ALAN SCHULMAN
28

1

2
12544 High Bluff Drive, Suite 150
San Diego, CA 92130

3
Telephone: 858/793-0070
858/793-0323 (fax)

4
Co-Lead Counsel for Lead Plaintiffs and the
Settlement Class

5

6
LATHAM & WATKINS LLP
PETER A. WALD
JAMES K. LYNCH

7

8

9
_____
PETER A. WALD

10
505 Montgomery Street
Suite 1900

11
San Francisco, CA 94111
Telephone: 415/391-0600

12
415/395-8095 (fax)

13
Attorneys for Ernst & Young, LLP

14
S:\Settlement\NextCard.set\v3-STP00017340.doc

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF SERVICE BY MAIL
### PURSUANT TO NORTHERN DISTRICT LOCAL RULE 23-2(c)(2)

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 401 B Street, Suite 1600, San Diego, California 92101.

2.      That on September 1, 2005, declarant served the **STIPULATION OF SETTLEMENT WITH ERNST & YOUNG, LLP** by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List and that this document was forwarded to the following designated Internet site at:

http://securities.lerachlaw.com/

3.      That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 1st day of September, 2005, at San Diego, California.

_____
YVETTE D. GRAY

NEXTCARD - N.D. CAL (LEAD)

Service List - 8/10/2005   (201-403-1)

Page 1 of 2

## Counsel For Defendant(s)

David  Jolley
Richard  Jones
Covington & Burling
One Front Street
San Francisco, CA  94111
  415/591-6000
  415/591-6091 (Fax)

David  Priebe
DLA Piper Rudnick Gray Cary US LLP
2000 University Avenue
East Palo Alto, CA  94303-2248
  650/833-2000
  650/833-2001 (Fax)

James K. Lynch
Latham & Watkins LLP
505 Montgomery Street, Suite 1900
San Francisco, CA  94111
  415/391-0600
  415/395-8095 (Fax)

Jordan D. Eth
Margaret L. Wu
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482
  415/268-7000
  415/268-7522 (Fax)

Harris  Weinstein
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, DC  20044
  202/662-6000
  202/662-6291 (Fax)

Shirli Fabbri Weiss
Paul A. Reynolds
Peter L. Wucetich
DLA Piper Rudnick Gray Cary US LLP
401 B Street, Suite 1700
San Diego, CA  92101-4297
  619/699-3650
  619/699-2701 (Fax)

James  McManis
Paul  Yang
McManis, Faulkner & Morgan A P.C.
50 W. San Fernando Street, 10th Floor
San Jose, CA  95113
  408/279-8700
  408/279-3244 (Fax)

Bruce A. Ericson
Jacob R. Sorensen
Kristin M. Lefevre
Pillsbury Winthrop Shaw Pittman LLP
50 Fremont Street
San Francisco, CA  94105
  415/983-1000
  415/983-1200 (Fax)

NEXTCARD - N.D. CAL (LEAD)

Service List - 8/10/2005   (201-403-1)

Page 2 of 2

Andrew  Keyes
Charles  Kimmett
Williams & Connolly LLP
725 12th Street, N.W.
Washington, DC  20005
  202/434-5000
  202/434-5029 (Fax)

## Counsel For Plaintiff(s)

Douglas M. McKeige
Bernstein Litowitz Berger & Grossmann LLP
1285 Ave of the Americas, 38th Fl.
New York, NY  10019
  212/554-1400
  212/554-1444 (Fax)

Alan  Schulman
Bernstein Litowitz Berger & Grossmann LLP
12544 High Bluff Dr., Suite 150
San Diego, CA  92130
  858/793-0070
  858/793-0323 (Fax)

William S. Lerach
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
401 B Street, Suite 1600
San Diego, CA  92101-4297
  619/231-1058
  619/231-7423 (Fax)

Tamara J. Driscoll
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA  98101
  206/749-5544
  206/749-9978 (Fax)

Jeffrey W. Lawrence
Christopher P. Seefer
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111-5238
  415/288-4545
  415/288-4534 (Fax)