**E-filed 10/4/05**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re NEXTCARD, INC. SECURITIES LITIGATION | Master File No. C-01-21029-JF(EI) |
| | CLASS ACTION |
| This Document Relates To: | [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT WITH ERNST & YOUNG, LLP AND PROVIDING FOR NOTICE |
| C-03-4869-JF | |

DATE: Submitted
TIME: Submitted
COURTROOM: The Honorable Jeremy Fogel

1    WHEREAS, a consolidated class action is pending before the Court entitled *In re NextCard,*
2    *Inc. Securities Litigation*, Master File No. C-01-21029-JF(EI) (the "Litigation");
3    WHEREAS, the Court has received the Stipulation of Settlement with Ernst & Young, LLP
4    dated as of December 1, 2004 (the "Stipulation"), that has been entered into by the Lead Plaintiffs
5    and E&Y, and the Court has reviewed the Stipulation and its attached exhibits; and
6    WHEREAS, the parties having made application, pursuant to Federal Rule of Civil
7    Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance
8    with the Stipulation which, together with the exhibits annexed thereto sets forth the terms and
9    conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with
10   prejudice upon the terms and conditions set forth therein; and the Court having read and considered
11   the Stipulation and the exhibits annexed thereto; and
12   WHEREAS, all defined terms contained herein shall have the same meanings as set forth in
13   the Stipulation;
14   NOW, THEREFORE, IT IS HEREBY ORDERED:
15   1.    The Court does hereby preliminarily approve the Stipulation and the settlement set
16   forth therein, subject to further consideration at the Settlement Hearing described below.
17   2.    A hearing (the "Settlement Hearing") shall be held before this Court on December 2,
18   2005, at 11:00 a.m., at the United States Courthouse, 280 South First Street, San Jose, California, to
19   determine whether the proposed settlement of the Litigation on the terms and conditions provided for
20   in the Stipulation is fair, reasonable and adequate to the Settlement Class and should be approved by
21   the Court; whether a Judgment as defined in ¶1.10 of the Stipulation should be entered herein;
22   whether the proposed Plan of Allocation should be approved; and to determine the amount of fees
23   and expenses that should be awarded to Co-Lead Counsel. The Court may adjourn the Settlement
24   Hearing without further notice to Members of the Settlement Class.
25   3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily
26   certifies, for purposes of effectuating this settlement, a Settlement Class of all Persons who
27   purchased NextCard securities during the period between April 19, 2000 and October 30, 2001 and
28   who were damaged thereby. Excluded from the Settlement Class are E&Y, the Individual

Defendants, NextCard, members of the immediate families of the Individual Defendants, any entity in which E&Y, any Individual Defendant or NextCard has or had a controlling interest, current or former directors and officers of NextCard or E&Y, and the legal representatives, heirs, successors, or assigns of any such excluded person or entity. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Partial Settlement of Class Action (the "Notice").

4.  With respect to the Settlement Class, this Court preliminarily finds for purposes of effectuating this settlement that (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (d) the Lead Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

5.  The Court approves, as to form and content, the Notice, the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶6-7 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

     6.    Co-Lead Counsel are hereby authorized to retain the firm of RG/2 Claims Administration ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

          (a)    Not later than October 5, 2005 (the "Notice Date"), Co-Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the form annexed as Exhibits A-1 and A-2, to be mailed by first class mail to all Settlement Class Members who can be identified with reasonable effort;

          (b)    Not later than October 6, 2005, Co-Lead Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily*; and

          (c)    At least seven (7) calendar days prior to the Settlement Hearing, Co-Lead Counsel shall cause to be served on E&Y's counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

     7.    Nominees who purchased NextCard securities during the period beginning April 19, 2000 through October 30, 2001, inclusive, shall send the Notice and the Proof of Claim to all beneficial owners of such NextCard securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Co-Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Settlement Class Members out of the Class Notice and Administration Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

     8.    All Members of the Settlement Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Settlement Class.

     9.    Settlement Class Members who wish to participate in the settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the

Court orders otherwise, all Proof of Claim forms must be submitted no later than ninety (90) days from the Notice Date. Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court.

10. Any Person who desires to request exclusion from the Settlement Class shall do so within the time set forth and in the manner described in the Notice. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

11. Any Member of the Settlement Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Co-Lead Counsel.

12. Any Member of the Settlement Class may appear and show cause, if he, she or it has any reason, why the proposed settlement of the Litigation should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Co-Lead Counsel; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Co-Lead Counsel, unless that Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs such that they are received on or before November 21, 2005, by: Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Joy Ann Bull, 401 B Street, Suite 1600, San Diego, CA 92101; Bernstein Litowitz Berger & Grossmann LLP, Alan Schulman, 12544 High Bluff Drive, Suite 150, San Diego, CA 92130, and Latham & Watkins LLP, Peter A. Wald, 505 Montgomery Street, Suite 1900, San Francisco, CA 94111, and filed said objections, papers and briefs with the Clerk of the United States District Court for the Northern District of California, San Jose Division, on or before November 21, 2005. Any Member of the Settlement Class who does not

make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Co-Lead Counsel, unless otherwise ordered by the Court.

13. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

14. All papers in support of the settlement, the Plan of Allocation, and any application by Co-Lead Counsel for attorneys' fees or reimbursement of expenses shall be filed and served seven (7) calendar days prior to the Settlement Hearing.

15. Neither E&Y nor its Related Parties shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Co-Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

16. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Co-Lead Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.

17. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor Co-Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund.

18. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by E&Y or its Related Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

19. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further

applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

DATED: 10/3/05         /s/electronic signature authorized
                       THE HONORABLE JEREMY FOGEL
                       UNITED STATES DISTRICT JUDGE

Submitted by:

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JEFFREY W. LAWRENCE
CHRISTOPHER P. SEEFER
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
JOY ANN BULL

                JOY ANN BULL

401 B Street, Suite 1600
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

BERNSTEIN LITOWITZ BERGER &
  GROSSMANN LLP
ALAN SCHULMAN
ROBERT S. GANS
ALICIA M. DUFF

                ALAN SCHULMAN

12544 High Bluff Drive, Suite 150
San Diego, CA 92130
Telephone: 858/793-0070
858/793-0323 (fax)

Co-Lead Counsel for Lead Plaintiffs and the Settlement Class
S:\Settlement\NextCard.set\ORD 00024078.doc

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT - C-01-21029-JF(EI)         - 6 -

DECLARATION OF SERVICE BY MAIL
PURSUANT TO NORTHERN DISTRICT LOCAL RULE 23-2(c)(2)

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 401 B Street, Suite 1600, San Diego, California 92101.

2. That on September 1, 2005, declarant served the **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT WITH ERNST & YOUNG, LLP AND PROVIDING FOR NOTICE** by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List and that this document was forwarded to the following designated Internet site at:

http://securities.lerachlaw.com/

3. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 1st day of September, 2005, at San Diego, California.

_____
YVETTE D. GRAY

NEXTCARD - N.D. CAL (LEAD)
Service List - 8/10/2005   (201-403-1)
Page 1 of 2

**Counsel For Defendant(s)**

David Jolley
Richard Jones
Covington & Burling
One Front Street
San Francisco, CA  94111
  415/591-6000
  415/591-6091 (Fax)

Harris Weinstein
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, DC  20044
  202/662-6000
  202/662-6291 (Fax)

David Priebe
DLA Piper Rudnick Gray Cary US LLP
2000 University Avenue
East Palo Alto, CA  94303-2248
  650/833-2000
  650/833-2001 (Fax)

Shirli Fabbri Weiss
Paul A. Reynolds
Peter L. Wucetich
DLA Piper Rudnick Gray Cary US LLP
401 B Street, Suite 1700
San Diego, CA  92101-4297
  619/699-3650
  619/699-2701 (Fax)

James K. Lynch
Latham & Watkins LLP
505 Montgomery Street, Suite 1900
San Francisco, CA  94111
  415/391-0600
  415/395-8095 (Fax)

James McManis
Paul Yang
McManis, Faulkner & Morgan A P.C.
50 W. San Fernando Street, 10th Floor
San Jose, CA  95113
  408/279-8700
  408/279-3244 (Fax)

Jordan D. Eth
Margaret L. Wu
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482
  415/268-7000
  415/268-7522 (Fax)

Bruce A. Ericson
Jacob R. Sorensen
Kristin M. Lefevre
Pillsbury Winthrop Shaw Pittman LLP
50 Fremont Street
San Francisco, CA  94105
  415/983-1000
  415/983-1200 (Fax)

NEXTCARD - N.D. CAL (LEAD)

Service List - 8/10/2005  (201-403-1)
Page 2 of 2

Andrew Keyes
Charles Kimmett
Williams & Connolly LLP
725 12th Street, N.W.
Washington, DC 20005
   202/434-5000
   202/434-5029 (Fax)

**Counsel For Plaintiff(s)**

Douglas M. McKeige
Bernstein Litowitz Berger & Grossmann LLP
1285 Ave of the Americas, 38th Fl.
New York, NY 10019
   212/554-1400
   212/554-1444 (Fax)

Alan Schulman
Bernstein Litowitz Berger & Grossmann LLP
12544 High Bluff Dr., Suite 150
San Diego, CA 92130
   858/793-0070
   858/793-0323 (Fax)

William S. Lerach
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
401 B Street, Suite 1600
San Diego, CA 92101-4297
   619/231-1058
   619/231-7423 (Fax)

Tamara J. Driscoll
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA 98101
   206/749-5544
   206/749-9978 (Fax)

Jeffrey W. Lawrence
Christopher P. Seefer
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111-5238
   415/288-4545
   415/288-4534 (Fax)