1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re NEXTCARD, INC. SECURITIES LITIGATION | Master File No. C-01-21029-JF(EI) |
| | CLASS ACTION |
| This Document Relates To: | [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE AS TO ERNST & YOUNG, LLP |
| ALL ACTIONS. | |
| | DATE:  December 2, 2005<br>TIME:   11:00 a.m.<br>COURTROOM:  The Honorable<br>                        Jeremy Fogel |

1       This matter came before the Court for hearing pursuant to an Order of this Court, dated October 4, 2005, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement with Ernst & Young, LLP dated as of December 1, 2004 (the "Stipulation"). Due and adequate notice having been given of the settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

    1.     This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

    2.     This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

    3.     Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class, the E&Y Action and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiffs and the other Members of the Settlement Class, and as against Ernst & Young, LLP ("E&Y"). The parties are to bear their own costs, except as otherwise provided in the Stipulation.

    4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Lead Plaintiffs, the Settlement Class and each of the Settlement Class Members. This Court further finds the settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiffs, the Settlement Class Members and E&Y. Accordingly, the settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

    5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this settlement, a Settlement Class of all Persons who

purchased NextCard securities during the period between April 19, 2000 and October 30, 2001, and who were damaged thereby. Excluded from the Settlement Class are E&Y, the Individual Defendants, NextCard, members of the immediate families of the Individual Defendants, any entity in which E&Y, any Individual Defendant or NextCard has or had a controlling interest, current or former directors and officers of NextCard or E&Y, and the legal representatives, heirs, successors, or assigns of any such excluded person or entity. Also excluded from the Settlement Class are those Persons who timely and validly requested exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Partial Settlement of Class Action (the "Notice").

6. With respect to the Settlement Class, this Court finds for the purposes of effectuating this settlement that (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (d) the Lead Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

7. Upon the Effective Date hereof, the Lead Plaintiffs and each of the Settlement Class Members, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, including claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release form, and shall

have covenanted not to sue the Released Persons with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting any such Released Claims against the Released Persons. NextCard and the Individual Defendants and the claims asserted against them in the NextCard Action are specifically excluded from this release.

8. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Settlement Class Members and Co-Lead Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

9. The distribution of the Notice and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement with Ernst & Young, LLP and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Members of the Settlement Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

10. Any plan of allocation submitted by Co-Lead Counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

11. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of E&Y; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of E&Y in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. E&Y may file the Stipulation and/or the Judgment in any other action that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith

settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

13. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to E&Y, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such

event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: __12/2/05_____

s/electronic signature authorized
_____
THE HONORABLE JEREMY FOGEL
UNITED STATES DISTRICT JUDGE

Submitted by:

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JEFFREY W. LAWRENCE
CHRISTOPHER P. SEEFER
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
JOY ANN BULL

_____/s/ Joy Ann Bull_____
JOY ANN BULL

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

BERNSTEIN LITOWITZ BERGER &
  GROSSMANN LLP
ALAN SCHULMAN
ROBERT S. GANS
ALICIA M. DUFF


_____/s/ Alan Schulman_____
ALAN SCHULMAN

12544 High Bluff Drive, Suite 150
San Diego, CA 92130
Telephone: 858/793-0070
858/793-0323 (fax)

Co-Lead Counsel for Lead Plaintiffs and the Class

S:\Settlement\NextCard.set\JGT FINAL 00026210.doc

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL - C-01-21029-JF(EI)   - 5 -

DECLARATION OF SERVICE BY MAIL
PURSUANT TO NORTHERN DISTRICT LOCAL RULE 23-2(c)(2)

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2. That on November 22, 2005, declarant served the **[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE AS TO ERNST & YOUNG, LLP** by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List and that this document was forwarded to the following designated Internet site at:

http://securities.lerachlaw.com/

3. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 22nd day of November, 2005, at San Diego, California.

/s/ Yvette D. Gray
YVETTE D. GRAY

NEXTCARD - N.D. CAL (LEAD)

Service List - 11/9/2005   (201-403-1)

Page 1 of 2

**Counsel For Defendant(s)**

David Jolley   *
Richard Jones
Covington & Burling
One Front Street
San Francisco, CA  94111
  415/591-6000
  415/591-6091 (Fax)

Harris Weinstein   *
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, DC  20044
  202/662-6000
  202/662-6291 (Fax)

David Priebe   *
DLA Piper Rudnick Gray Cary US LLP
2000 University Avenue
East Palo Alto, CA  94303-2248
  650/833-2000
  650/833-2001 (Fax)

Shirli Fabbri Weiss   *
Paul A. Reynolds
Peter L. Wucetich
DLA Piper Rudnick Gray Cary US LLP
401 B Street, Suite 1700
San Diego, CA  92101-4297
  619/699-3650
  619/699-2701 (Fax)

James K. Lynch   *
Latham & Watkins LLP
505 Montgomery Street, Suite 1900
San Francisco, CA  94111
  415/391-0600
  415/395-8095 (Fax)

James McManis   *
Paul Yang
McManis, Faulkner & Morgan A P.C.
50 W. San Fernando Street, 10th Floor
San Jose, CA  95113
  408/279-8700
  408/279-3244 (Fax)

Jordan D. Eth   *
Margaret L. Wu
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482
  415/268-7000
  415/268-7522 (Fax)

Bruce A. Ericson   *
Jacob R. Sorensen
Kristin M. Lefevre
Pillsbury Winthrop Shaw Pittman LLP
50 Fremont Street
San Francisco, CA  94105-2228
  415/983-1000
  415/983-1200 (Fax)

NEXTCARD - N.D. CAL (LEAD)
Service List - 11/9/2005   (201-403-1)
Page 2 of 2

Andrew Keyes   *
Charles Kimmett
Williams & Connolly LLP
725 12th Street, N.W.
Washington, DC  20005
   202/434-5000
   202/434-5029(Fax)

**Counsel For Plaintiff(s)**

Douglas M. McKeige   *
Bernstein Litowitz Berger & Grossmann LLP
1285 Ave of the Americas, 38th Fl.
New York, NY  10019
   212/554-1400
   212/554-1444(Fax)

Alan Schulman   *
Bernstein Litowitz Berger & Grossmann LLP
12544 High Bluff Dr., Suite 150
San Diego, CA  92130
   858/793-0070
   858/793-0323(Fax)

William S. Lerach
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
   619/231-1058
   619/231-7423(Fax)

Tamara J. Driscoll
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA  98101
   206/749-5544
   206/749-9978(Fax)

Jeffrey W. Lawrence
Christopher P. Seefer
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111-5238
   415/288-4545
   415/288-4534(Fax)

* Denotes Service Via Overnight Delivery

EXHIBIT 1

November 18, 2005

I wish to be excluded from the Settlement Class *In re NextCard, Inc. Securities Litigation, Master File No. C-01-21029-JF(EI)*.

Name: Richard Goebel
Current Address: 4240 Lost Hills Road, #106, Agoura Hills, CA 91301
Address at time of Settlement Class: 3 Sunrise Lane, Mill Valley, CA 94941
Telephone: 415-515-9266

NXCD stock transactions of Richard Goebel

| date acquired | date sold | # shares |
|---|---|---|
| 2/15/2001 | | 5,625 |
| 2/15/2001 | | 1,406 |
| 2/15/2001 | | 5,625 |
| 3/21/2001 | | 1,875 |
| | 3/30/2001 | 12,000 |
| | 3/22/2001 | 2,000 |
| | 5/23/2001 | 2,500 |
| | 5/24/2001 | 1,000 |
| | 6/25/2001 | 2,000 |
| | 7/16/2001 | 1,000 |
| | 8/10/2001 | 1,000 |
| | 8/20/2001 | 2,000 |
| | 9/24/2001 | 4,000 |
| | 10/1/2001 | 500 |
| | 10/16/2001 | 2,000 |
| | 10/29/2001 | 500 |
| | 11/2/2001 | 1,500 |
| | 11/2/2001 | 10,608 |
| | 11/5/2001 | 13,309 |

Signature: _[signed]_

Exhibit 1

Goebel
4240 Lost Hills
#106
Agoura Hills, CA
91301

Nextcard Securities Litigation
c/o RG/2 Claims Administration LLC
PO Box 59479
Philadelphia, PA 19102-9479




November 21, 2005

NextCard Securities Litigation
c/o RG/2 Claims Administration LLC
P.O. Box 59479
Philadelphia, PA 19102-9479

11-28-2005 000100

    I wish to be excluded from the Settlement Class in *In re NextCard, Inc. Securities Litigation*, Master file No. C-01-21029-JF(EI).

    My name, address and telephone number is Daniel Springer, 4415 20th Street, San Francisco, CA 94114, (415) 225-6660.

    During the period between April 19, 2000, and October 30, 2001, I purchased no shares of NextCard common stock, and I sold shares on the following dates in the following amounts of shares:

| Date sold | # of shares sold |
| --- | --- |
| 12-14-00 | 15,000 |
| 12-18-00 | 15,000 |
| 12-19-00 | 10,000 |
| 12-20-00 | 5,000 |
| 12-21-00 | 15,000 |
| 12-26-00 | 10,200 |
| 12-27-00 | 14,800 |
| 12-28-00 | 5,000 |
| 10-5-01 | 10,000 |

Sincerely,

Daniel Springer

D. Springer
4415 20th Street
SF CA 94114

NextCard Securities Litigation
c/o RG/2 Claims Administration LLC
P.O. Box 59479
Philadelphia, PA 19102-9479

19102+9479