```
 1  PILLSBURY WINTHROP SHAW PITTMAN LLP
    BRUCE A. ERICSON  #76342
 2  JACOB R. SORENSEN  #209134
    KRISTIN M. LEFEVRE  #221541
 3  RANAH L. ESMAILI  #233477
    50 Fremont Street
 4  Post Office Box 7880
    San Francisco, CA  94120-7880
 5  Telephone: (415) 983-1000
    Facsimile: (415) 983-1200
 6  Email: bruce.ericson@pillsburylaw.com
           jake.sorensen@pillsburylaw.com
 7         kristin.lefevre@pillsburylaw.com
           ranah.esmaili@pillsburylaw.com
 8
    Attorneys for Defendant
 9  BRUCE RIGIONE

10  [Other Counsel Are Listed on the Signature Pages]
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>NEXTCARD, INC. SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Master File No. C-01-21029-JF(RS)<br><br>STIPULATED PROTECTIVE ORDER<br><br>AS MODIFIED BY THE COURT |

1. PURPOSES AND LIMITATIONS.

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS.

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5     Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6     Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7     Protected Material: any Disclosure or Discovery Material that is designated as "Confidential."

2.8     Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9     House Counsel: attorneys who are employees of a Party.

2.10    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.11    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    SCOPE.

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. <u>DURATION</u>.

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. <u>DESIGNATING PROTECTED MATERIAL</u>.

   5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

   Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

   If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

   5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

   Designation in conformity with this Order requires:

   (a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

1  "CONFIDENTIAL" at the top of each page that contains protected material. If only a portion
2  or portions of the material on a page qualifies for protection, the Producing Party also must
3  clearly identify the protected portion(s) (e.g., by making appropriate markings in the
4  margins).

5        A Party or non-party that makes original documents or materials available for
6  inspection need not designate them for protection until after the inspecting Party has
7  indicated which material it would like copied and produced. During the inspection and
8  before the designation, all of the material made available for inspection shall be deemed
9  "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied
10 and produced, the Producing Party must determine which documents, or portions thereof,
11 qualify for protection under this Order, then, before producing the specified documents, the
12 Producing Party must affix the appropriate legend at the top of each page that contains
13 Protected Material. If only a portion or portions of the material on a page qualifies for
14 protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by
15 making appropriate markings in the margins).

16       (b)   <u>for testimony given in deposition or in other pretrial or trial proceedings,</u> that
17 the Party or non-party offering or sponsoring the testimony identify on the record, before the
18 close of the deposition, hearing, or other proceeding, all protected testimony, and further
19 specify any portions of the testimony that qualify as "CONFIDENTIAL." When it is
20 impractical to identify separately each portion of testimony that is entitled to protection, and
21 when it appears that substantial portions of the testimony may qualify for protection, the Party
22 or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the
23 deposition or proceeding is concluded) a right to have up to 20 days of the final transcript to
24 identify the specific portions of the testimony as to which protection is sought. Only those
25 portions of the testimony that are appropriately designated for protection within the 20 days
26 shall be covered by the provisions of this Stipulated Protective Order.
27
28

1   Transcript pages containing Protected Material must be separately bound by the court
2   reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or as
3   instructed by the Party or non-party offering or sponsoring the witness or presenting the
4   testimony.

5   (c)   <u>for information produced in some form other than documentary, and for any
6   other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of the
7   container or containers in which the information or item is stored the legend
8   "CONFIDENTIAL." If only portions of the information or item warrant protection, the
9   Producing Party, to the extent practicable, shall identify the protected portions.

10   5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to
11   designate qualified information or items as "Confidential" does not, standing alone, waive the
12   Designating Party's right to secure protection under this Order for such material. If material is
13   appropriately designated as "Confidential" after the material was initially produced, the
14   Receiving Party, on timely notification of the designation, must make reasonable efforts to
15   assure that the material is treated in accordance with the provisions of this Order.

16   6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS.</u>

17   6.1   <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's
18   confidentiality designation is necessary to avoid foreseeable substantial unfairness,
19   unnecessary economic burdens, or a later significant disruption or delay of the litigation, a
20   Party does not waive its right to challenge a confidentiality designation by electing not to
21   mount a challenge promptly after the original designation is disclosed.

22   6.2   <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating
23   Party's confidentiality designation must do so in good faith and must begin the process by
24   conferring with counsel for the Designating Party. In conferring, the challenging Party must
25   explain the basis for its belief that the confidentiality designation was not proper and must give
26   the Designating Party an opportunity to review the designated material, to reconsider the
27   circumstances, and, if no change in designation is offered, to explain the basis for the chosen
28

1 designation. A challenging Party may proceed to the next stage of the challenge process only if
2 it has engaged in this meet and confer process first.

3     6.3    <u>Judicial Intervention</u>. A Party that elects to press a challenge to a
4 confidentiality designation after considering the justification offered by the Designating Party
5 may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local
6 Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis
7 for the challenge. Each such motion must be accompanied by a competent declaration that
8 affirms that the movant has complied with the meet and confer requirements imposed in the
9 preceding paragraph and that sets forth with specificity the justification for the confidentiality
10 designation that was given by the Designating Party in the meet and confer dialogue.

11     The burden of persuasion in any such challenge proceeding shall be on the Designating
12 Party. Until the court rules on the challenge, all parties shall continue to afford the material
13 in question the level of protection to which it is entitled under the Producing Party's
14 designation.

15 **7.**    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>.

16     7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is
17 disclosed or produced by another Party or by a non-party in connection with this case only for
18 prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be
19 disclosed only to the categories of persons and under the conditions described in this Order.
20 When the litigation has been terminated, a Receiving Party must comply with the provisions of
21 section 11, below (FINAL DISPOSITION).

22     Protected Material must be stored and maintained by a Receiving Party at a location
23 and in a secure manner that ensures that access is limited to the persons authorized under this
24 Order. See Paragraph 6.
25 ~~Nothing in this Stipulation and Order affects the rights of any Party to make any~~
26 ~~otherwise lawful use or disclosure of information or documents that have been designated~~
27
28

1  ~~Confidential Information in this action but that have been (a) obtained from sources other~~
2  ~~than the production pursuant to this Stipulation and Order or (b) publicly disclosed.~~
3       7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

      (a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

      (b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

      (c)     experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

      (d)     the Court and its personnel;

      (e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

      (f)     persons who are or will be deponents (as stated in a notice of deposition), trial witnesses (who have previously been identified as such) or individuals deposed by the Securities and Exchange Commission ("SEC"), who do not fall into the other categories of Section 7.2, and to whom disclosure is reasonably necessary who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

      (g)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter unless otherwise agreed by the parties and the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

1       (h)    the author, addressee or copy recipient of such information or an individual
2 who, although not identified as an author, addressee or recipient of such information, has
3 seen such information in the course of business or would be entitled to access to such
4 information by virtue of his or her employment.

5  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
6       OTHER LITIGATION.

7       If a Receiving Party is served with a subpoena or an order issued in other litigation
8 that would compel disclosure of any information or items designated in this action as
9 "CONFIDENTIAL" the Receiving Party must so notify the Designating Party, in writing (by
10 fax, if possible) immediately and in no event more than three court days after receiving the
11 subpoena or order. Such notification must include a copy of the subpoena or court order.

12       The Receiving Party also must immediately inform in writing the Party who caused the
13 subpoena or order to issue in the other litigation that some or all the material covered by the
14 subpoena or order is the subject of this Protective Order. In addition, the Receiving Party
15 must deliver a copy of this Stipulated Protective Order promptly to the Party in the other
16 action that caused the subpoena or order to issue.

17       The purpose of imposing these duties is to alert the interested parties to the existence
18 of this Protective Order and to afford the Designating Party in this case an opportunity to try
19 to protect its confidentiality interests in the court from which the subpoena or order issued.
20 The Designating Party shall bear the burdens and the expenses of seeking protection in that
21 court of its confidential material – and nothing in these provisions should be construed as
22 authorizing or encouraging a Receiving Party in this action to disobey a lawful directive
23 from another court.

24  9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

25       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
26 Protected Material to any person or in any circumstance not authorized under this Stipulated
27 Protective Order, the Receiving Party must immediately (a) notify in writing the Designating
28

1 Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the
2 Protected Material, (c) inform the person or persons to whom unauthorized disclosures were
3 made of all the terms of this Order, and (d) request such person or persons to execute the
4 "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.
5 10.   FILING PROTECTED MATERIAL. Without written permission from the
6 Designating Party or a court order secured after appropriate notice to all interested persons, a
7 Party may not file in the public record in this action any Protected Material. A Party that seeks
8 to file under seal any Protected Material must comply with Civil Local Rule 79-5.
9 11.   FINAL DISPOSITION
10     . Unless otherwise ordered or agreed in writing by the Producing Party, within sixty
11 days after the final termination of this action, each Receiving Party must return all Protected
12 Material to the Producing Party. As used in this subdivision, "all Protected Material"
13 includes all copies, abstracts, compilations, summaries or any other form of reproducing or
14 capturing any of the Protected Material. With permission in writing from the Designating
15 Party, the Receiving Party may destroy some or all of the Protected Material instead of
16 returning it. Whether the Protected Material is returned or destroyed, the Receiving Party
17 must submit a written certification to the Producing Party (and, if not the same person or
18 entity, to the Designating Party) by the sixty day deadline that identifies (by category, where
19 appropriate) all the Protected Material that was returned or destroyed and that affirms that
20 the Receiving Party has not retained any copies, abstracts, compilations, summaries or other
21 forms of reproducing or capturing any of the Protected Material. Notwithstanding this
22 provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers,
23 transcripts, legal memoranda, correspondence or attorney work product, even if such
24 materials contain Protected Material. Any such archival copies that contain or constitute
25 Protected Material remain subject to this Protective Order as set forth in Section 4
26 (DURATION), above.
27
28

1  12.   MISCELLANEOUS.

2       12.1   Right to Further Relief. Nothing in this Order abridges the right of any person
3  to seek its modification by the Court in the future.

4       12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective
5  Order no Party waives any right it otherwise would have to object to disclosing or producing
6  any information or item on any ground not addressed in this Stipulated Protective Order.
7  Similarly, no Party waives any right to object on any ground to use in evidence of any of the
8  material covered by this Protective Order.

9  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

10  Dated: August 10, 2006.

11                          PILLSBURY WINTHROP SHAW PITTMAN LLP
                            BRUCE A. ERICSON
12                          JACOB R. SORENSEN
                            KRISTIN M. LEFEVRE
13                          RANAH L. ESMAILI
                            50 Fremont Street
14                          Post Office Box 7880
                            San Francisco, CA 94120-7880
15
                            By /s/ Bruce Ericson by kkk
16                              Bruce A. Ericson
                                Attorneys for Defendant
17                              BRUCE RIGIONE

18  Dated: August 10, 2006.

19                          BERNSTEIN LITOWITZ BERGER
                              & GROSSMANN LLP
20                          ALAN SCHULMAN
                            ROBERT S. GANS
21                          12544 High Bluff Drive, Suite 150
                            San Diego, CA 92130
22                          Telephone: (858) 793-0070
                            Facsimile: (858) 793-0323
23                          robert@blbglaw.com

24                          By /s/ Robert S. Gans
                                Robert S. Gans
25                              Co-Lead Counsel for Plaintiffs

26

27

28

| | | |
|---|---|---|
| 1 | Dated: August 10, 2006. | |
| 2 | | LERACH COUGHLIN STOIA GELLER |
| | | RUDMAN & ROBBINS LLP |
| 3 | | JEFFREY W. LAWRENCE |
| | | CHRISTOPHER P. SEEFER |
| 4 | | 100 Pine Street, Suite 2600 |
| | | San Francisco, CA 94111 |
| 5 | | Telephone: (415) 288-4545 |
| | | Facsimile: (415) 288-4534 |
| 6 | | chriss@lcsr.com |
| 7 | | By _____ w/p RA |
| | | Christopher P. Seefer |
| 8 | Dated: August 10, 2006. | Co-Lead Counsel for Plaintiffs |
| 9 | | |
| 10 | | COVINGTON & BURLING LLP |
| | | HARRIS WEINSTEIN |
| 11 | | 1201 Pennsylvania Avenue, N.W. |
| | | Washington DC 20004 |
| 12 | | Telephone: (202) 662-6000 |
| | | hwewinstein@cov.com |
| 13 | | - and - |
| | | DAVID M. JOLLEY |
| 14 | | 1 Front Street |
| | | San Francisco, CA 94111 |
| 15 | | Telephone: (415) 591-6000 |
| | | djolley@cov.com |
| 16 | | By _____ by KM |
| | | David Jolley |
| 17 | | Attorneys for Defendant |
| | | JOHN V. HASHMAN |
| 18 | Dated: August 10, 2006. | |
| 19 | | |
| 20 | | JORDAN ETH |
| | | MARGARET WU |
| 21 | | MORRISON & FOERSTER LLP |
| | | 425 Market Street |
| 22 | | San Francisco, CA 94105-2482 |
| | | Telephone: 415-268-7000 |
| 23 | | Facsimile: 415-268-7522 |
| | | jeth@mofo.com |
| 24 | | mwu@mofo.com |
| 25 | | By _____ by KM |
| | | Margaret Wu |
| 26 | | Attorneys for Defendant |
| | | YINZI CAI |
| 27 | | |
| 28 | | |

Dated: August 10, 2006

        SHIRLI FABBRI WEISS
        PAUL A REYNOLDS
        DLA PIPER RUDNICK GRAY CARY LLP
        4365 Executive Drive, Suite 1100
        San Diego, CA 92121-2133
        Telephone: (202) 662-5302
        Facsimile: (202) 662-6291
        Shirli.Weiss@dlapiper.com
        Paul.Reynolds@dlapiper.com

By *Paul Reynolds /s/ sfw*
        Shirli Fabbri Weiss
        Attorneys for Defendant
        JEREMY LENT

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 8/11/06

        *Patricia V. Trumbull*
        The Hon. ~~Judge Jeremy Fogel~~
        United States ~~District Judge~~
        Magistrate Judge

1  EXHIBIT A

2  <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3      I, _____ [print or type full name],

4  of _____ [print or

5  type full address], declare under penalty of perjury that I have read in its entirety and

6  understand the Stipulated Protective Order that was issued by the United States District

7  Court for the Northern District of California on [date] in the case of *In re NextCard, Inc. Sec.*

8  *Litig.*, Northern District of California, Action No. C-01-21029-JF(RS). I agree to comply

9  with and to be bound by all the terms of this Stipulated Protective Order and I understand

10 and acknowledge that failure to so comply could expose me to sanctions and punishment in

11 the nature of contempt. I solemnly promise that I will not disclose in any manner any

12 information or item that is subject to this Stipulated Protective Order to any person or entity

13 except in strict compliance with the provisions of this Order.

14      I further agree to submit to the jurisdiction of the United States District Court for the

15 Northern District of California for the purpose of enforcing the terms of this Stipulated

16 Protective Order, even if such enforcement proceedings occur after termination of this

17 action.

18

19 Date: _____

20 City and State where sworn and signed: _____

21 Printed name: _____
            [printed name]
22 Signature: _____
            [signature]
23

24

25

26

27

28