UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re NEXTCARD, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>    ALL ACTIONS. | Case No.: C 01-21029 JF (PVT)<br><br>**ORDER DENYING MOTION TO MODIFY PROTECTIVE ORDER WITHOUT PREJUDICE TO A MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |

On October 31, 2006, Lead Plaintiffs filed a motion to modify the August 11, 2006 Stipulated Protective Order As Modified by the Court (the "Protective Order").[1]  Having reviewed the papers submitted by the Lead Plaintiffs, the court finds it appropriate to issue this order without further briefing or oral argument.  Based on the arguments presented,

IT IS HEREBY ORDERED that Lead Plaintiffs' motion is DENIED.  This court is not willing to modify the Protective Order in a way that would prevent parties from challenging confidentiality designations.  Doing so would be inconsistent with the purposes of this court's Civil Local Rule 79-5, and would potentially lead to unnecessary burdens on the court and the parties in the event any party seeks to file with the court any of the designated documents which are not

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

actually entitled to protection. Civil Local Rule 79-5(d) provides that:

> "**Filing a Document Designated Confidential by Another Party**. If a party wishes to file a document that has been designated confidential by another party pursuant to a protective order, or if a party wishes to refer in a memorandum or other filing to information so designated by another party, the submitting party must file and serve an Administrative Motion for a sealing order and lodge the document, memorandum or other filing in accordance with this rule. If only a portion of the document, memorandum or other filing is sealable, the submitting party must also lodge with the Court a redacted version of the document, memorandum or other filing to be placed in the public record if the Court approves the requested sealing order. Within five days thereafter, the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality. If the designating party does not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record."

The court may only order a document be filed under seal if the party claiming confidentiality shows there is "good cause" for sealing the specific document. *See* FED.R.CIV.PRO. 26(c)(8); *see also, e.g., Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006) ("when a district court grants a protective order to seal documents during discovery, 'it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.'") Further, the Ninth Circuit has cautioned that "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. International Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992). Civil Local Rule 79-5 was promulgated to conform with this requirement in situations where a party seeks to file part or all of a document under seal.

The requested modification to the Protective Order would hinder the parties' ability to meet and confer to remove any *improper* confidentiality designations before seeking to file the documents with the court. This would lead to unnecessary work for both the court and the parties anytime a party seeks to file such a document under seal, because of the mandatory procedures of Civil Local Rule 79-5. The existing Protective Order adequately protects any legitimate confidentiality concerns, while facilitating the removal of any improper confidentiality designations. Thus, Lead Plaintiffs have not shown good cause for modifying the Protective Order to prevent parties from challenging confidentiality designations.

Lead Plaintiffs contention that they will be precluded from obtaining relevant evidence

absent modification if the Protective Order is without merit.  Lead Plaintiffs are free to move to compel production of any relevant documents that are responsive to document requests Lead Plaintiffs have served on Defendant Securities and Exchange Commission, or subpoenas they have served on any non-party.  In that event, it will be incumbent on either Defendant Securities and Exchange Commission and/or the Office of the Comptroller of the Currency to assert any privilege that they contend protects the responsive documents from production.

Dated: *11/6/06*

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge