NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE NEXTCARD, INC. SECURITIES LITIGATION | Case Number C-01-21029-JF <br><br> <u>CLASS ACTION</u> <br><br> ORDER APPROVING DISTRIBUTION OF SETTLEMENT FUNDS AND DISMISSING ACTION WITH PREJUDICE |

On January 18, 2008, Plaintiff filed an unopposed motion for an entry of order authorizing distribution of settlement funds. The Court has considered the moving papers and declaration in support thereof. For the reasons set forth below, the Court will approve the distribution plan, as detailed below, and dismiss this action with prejudice.
.

**I. SETTLEMENT AND PLAN OF ALLOCATION**

On September 1, 2005 and April 25, 2007 respectively, Plaintiffs entered into a Stipulation of Settlement with Ernst & Young LLP and Jeremy Lent that provided for partial settlement of the instant action. Subsequently, the Court entered Orders and Final Judgment

approving the terms of the Stipulation for partial settlement with NextCard, Inc. on behalf of a class consisting of all persons who purchased NextCard Securities between April 19, 2000 and October 30, 2001, and who were damaged as a result. Subsequently, the Court approved the Plan of Allocation for distributing proceeds of the Settlement to Settlement Class Members who submitted acceptable Proofs of Claim. Pursuant to that order, Plaintiffs' Claims Administrator mailed the Court-approved Notices and caused the publication of the Court-approved Summary Notices. From a total of 11,363 Notice Packets mailed to potential Settlement Class Members, the Claims Administrator received 2,380 claim forms, of which 1,037 were provisionally accepted, 1,025 were provisionally rejected, and 318 were determined to be duplicate filings.

The Claims Administrator notified the claimants who had submitted provisionally rejected claims of the deficiencies that existed in their claims and provided them ample time to cure or contest the deficiencies. The Claims Administrator asserts that there was no response from these claimants either attempting to cure or contest the rejection of their claims.

In light of the foregoing and having examined the proposed plan for the distribution of funds, the Court concludes that the plan is "fundamentally fair, adequate and reasonable" as required under Fed. R. Civ. P. 23(e) and applicable Ninth Circuit authority. *See Officers for Justice v. Civil Service Commission*, 688 F.2d 615, 625 (9th Cir. 1982). The Court finds that Plaintiffs' counsel have complied substantially with the mandates of the terms of the Stipulation for partial settlement with NextCard, Inc. Further, Counsel have demonstrated their reasonable efforts to allow claimants who submitted provisionally rejected claims to remedy or contest the deficiencies in such claims. Counsel have enlisted the assistance of the Claims Administrator, who made detailed and reasonable findings about which claims should be accepted and which claims should be rejected, including an allowance for claims that were submitted late but the lateness of which did not cause delay because of the time needed to process the large volume of claims already received.

Accordingly, the Court accepts and rejects the claims of the settlement class per the administrative recommendations of the Claims Administrator and as set forth in Plaintiffs' moving papers. The Court approves the distribution of balance of the Net Settlement Funds to

the 1,037 authorized claimants, in proportion to their recognized claims as calculated by the Claims Administrator pursuant to the Court-approved Plan of Allocation. The Court also authorizes the inclusion of Settlement Class Members who have filed late (but before December 18, 2007) but otherwise valid claim forms to participate in the Settlement and receive a distribution of the Net Settlement Funds in accordance with the Court-approved Plan of Allocation. The Claims Administrator may distribute the Net Settlement Funds to Authorized Claimants based on the Plan of Allocation previously approved by this Court. No claim received after the entry of this Class Distribution Order may be accepted for any reason whatsoever.

Additionally, the Court bars any further claims against the Net Settlement Funds beyond the amount allocated to Authorized Claimants and provides that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims, or otherwise involved in the administration or taxation of the Net Settlement Funds are released and discharged from any and all liabilities arising out of such involvement. Finally, the Court will retain jurisdiction over this matter to consider any further applications concerning the administration of the settlement. The Court finds that appropriate relief has been granted.

## II. ATTORNEYS' FEES AND EXPENSES

This Court previously has addressed the matter of attorneys' fees and expenses in the instant case. On July 30, 2007, the Court entered an order awarding Plaintiffs' counsel attorneys' fees in the amount of $199,796.79 together with interest earned thereon. The awarded expense and interest earned thereon was paid to Plaintiffs' counsel in cash from the established Settlement Fund.

## IV. ORDER

For the reasons set forth above, this Court GRANTS Plaintiffs' motion for entry of order authorizing distribution of settlement funds. This Court also dismisses the action and all related cases with prejudice. IT IS SO ORDERED.

DATED: February 5, 2008

_____
JEREMY FOGEL
United States District Judge

This Order has been served upon the following persons:

Counsel for Plaintiff

chriss@csgrr.com

Counsel for Defendants

jdickey@gibsondunn.com